UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| A.R.N.H., a minor, by and through his Guardian ad Litem, ERICA M. NASH, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:17-00484-KJD-PAL <br><br> **SCREENING ORDER** <br><br> (IFP App. – ECF No. 1; Pet. for Guardian ad Litem – ECF No. 1-1) |

Plaintiff A.R.N.H. and proposed Guardian ad Litem Erica M. Nash have submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a Petition for Guardian ad Litem (ECF No. 1-1) and Complaint (ECF No. 1-2). These submissions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Plaintiff A.R.N.H. is a minor child in the custody of Erica M. Nash. Plaintiff is attempting to bring claims against the Commissioner of Social Security. Because Plaintiff is a minor child, he cannot appear on his own behalf in this litigation. He must appear through a duly appointed representative or guardian ad litem. Fed. R. Civ. P. 17(c)(2). Thus, as an initial matter, the court must address the Petition for Guardian ad Litem.

I. **PETITION FOR GUARDIAN AD LITEM**

Ms. Nash represents that she is willing to serve as guardian ad litem for A.R.N.H. and is fully competent to understand and protect the minor's rights and has no interest adverse to that of the minor. Petition (ECF No. 1-1) at 2. Nash further represents that she has contracted with counsel to prosecute A.R.N.H.'s claim. *Id.* She has also submitted the Application to Proceed *In Forma Pauperis* ("IFP").

Rule 17 of the Federal Rules of Civil Procedure requires a court to "appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Under Rule 17(c), a district court has "a legal obligation to consider" whether a minor or incompetent litigant is "adequately protected." *Davis v. Walker*, 745 F.3d 1303, 1312 (9th Cir. 2014). The court may " 'take whatever measures it deems proper to protect an incompetent person during litigation'." *Id*. at 1311 (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)). The decision to appoint a guardian ad litem is entrusted to "the sound discretion of the trial court." *Id*. at 1310 (quoting *30.64 Acres*, 795 F.2d at 804).

Here, Plaintiff is a minor and cannot prosecute his own claims. Upon review of the complaint, it does not appear that minor and Ms. Nash have adverse interests. The only claim in this action is for review of the decision denying Plaintiff's claim for benefits. *Cf. Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ( "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."). Although she has not been formally appointed as Plaintiff's representative, Ms. Nash has custody of the minor, there is no apparent conflict of interest, and she has demonstrated a willingness to protect his rights and interests by securing counsel. *Cf. Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent or guardian may not bring suit in federal court on behalf of their child without first retaining an attorney). The court therefore finds good cause to grant the petition and appoint Nash as Plaintiff's guardian ad litem.

## II.   IN FORMA PAUPERIS APPLICATION

Ms. Nash's IFP Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed IFP will be granted. The court will now review the Complaint.

## III.   SCREENING THE COMPLAINT

After granting a request to proceed IFP, the court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The simplified pleading standard set forth in Rule 8(a) of the

Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions.  *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008).  A properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the Rule 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's Complaint challenges a decision by the Social Security Administration ("SSA") denying Plaintiff supplemental security income under Title XVI of the Social Security Act.  *See* Compl. (ECF No. 1-2) ¶ 3.  To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Starr*, 652 F.3d at 1216.  To do so, a complaint should state when and how a plaintiff exhausted his administrative remedies with the SSA and the nature of his disability, including when he claims

he became disabled. The complaint should also contain a short and concise statement identifying the nature of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief. *See, e.g.*, *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (when submitting a complaint for judicial review to the district court, social security appellants "must not treat the matter as a simple formality" by filing "extremely perfunctory" allegations), *aff'd sub nom. Sabbia v. Astrue*, 433 F. App'x 462 (7th Cir. 2011). Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015).

### A.    Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he or she can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.* *See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, Plaintiff alleges that on December 16, 2016, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. *See* Compl. ¶ 8. Thus, it appears he has exhausted his administrative remedies. Plaintiff timely

commenced this action as the Complaint was filed on February 15, 2017, and the Complaint indicates that he resides within the District of Nevada. *See* Compl. ¶ 1. Accordingly, Plaintiff has satisfied these prerequisites for judicial review.

**B.    Grounds for Plaintiff's Appeal and the Nature of the Disability**

The Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Plaintiff contends there is not substantial medical or vocational evidence in the record to support: (a) the legal conclusion that he is not disabled within the meaning of the Social Security Act; or (b) the Commissioner's finding that he could perform substantial gainful activity. *See* Compl. ¶ 9. Plaintiff asserts that the record supports a finding that he is disabled and has been continuously disabled at all relevant times. *Id.* ¶ 9(c). He also alleges that new evidence exists and warrants a remand of this matter for further proceedings. *Id.* ¶ 9(d).

However, Plaintiff has not stated the nature of his disability or alleged when it commenced, instead alleging only he "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *See* Compl. ¶ 5. Additionally, Plaintiff merely alleges that the Commissioner's decision to deny him benefits was wrong, but he fails to indicate *why* the decision is wrong other than by reciting the general standards that govern the court's review of the SSA's decision. *Id.* at ¶ 9. Rule 8's pleading standard requires more than a "formulaic recitation of the elements of a cause of action" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe the underlying reasons why is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Cf.*

*Starr*, 652 F.3d at 1216 (addressing post-*Iqbal* pleading standards).   Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Based on the foregoing,

**IT IS ORDERED**:

1.  Plaintiff A.R.N.H.'s Petition for Guardian ad Litem (ECF No. 1-1) is **GRANTED**. Erica M. Nash is appointed to act as A.R.N.H.'s guardian ad litem and is authorized to prosecute this action on his behalf.

2.  Guardian ad Litem Erica M. Nash's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.  Nash shall not be required to pay the $400 filing fee.

3.  Ms. Nash is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

4.  The Clerk of Court shall FILE the Petition for Guardian ad Litem (ECF No. 1-1) and the Complaint (ECF No. 1-2), but SHALL NOT issue summons.

5.  The Complaint is DISMISSED WITH LEAVE TO AMEND.  Nash shall have until **April 14, 2017**, to file an amended complaint and correct the noted deficiencies.

6.  Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 15th day of March, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

- 6 -